■ In the Matter of the Claim of ROBERT PENDOCK, Appellant, v MATRIX COMMUNICATIONS GROUP et al., Respondents.

---

WORKERS' COMPENSATION BOARD, Respondent. AARON ZIMMER-MAN, Appellant. [49 NYS3d 319]—

Aarons, J. Appeal from a decision of the Workers' Compensation Board, filed April 11, 2016, which ruled, among other things, that payments by the employer's workers' compensation carrier for its share of litigation costs during an offset period did not reduce the carrier's credit for claimant's net recovery in a third-party action.

Claimant was awarded workers' compensation benefits for injuries to his low back sustained on May 26, 2006 and other consequential disorders from a work-related accident, and he was later determined to have moderate to marked permanent partial disability. The employer's workers' compensation carrier consented in writing to a settlement of claimant's related third-party negligence action, accepting a portion thereof ($83,501.27) as its lien for the amount of benefits it had paid to claimant; this left a net recovery to claimant of $115,700.79, which the carrier was entitled to offset against claimant's future compensation benefits (see Workers' Compensation Law § 29). The parties disagreed as to how much the carrier's weekly payments to claimant for its equitable share of the litigation costs reduced the amount of the carrier's credit. A Workers' Compensation Law Judge (hereinafter WCLJ) issued a decision filed August 10, 2015, later affirmed by the Workers' Compensation Board in a decision filed April 11, 2016, concluding that the carrier's payment for its share of litigation costs during the offset period does not reduce the carrier's credit for claimant's net recovery. The Board also imposed a penalty on claimant's attorney, Aaron Zimmerman, pursuant to Workers' Compensation Law § 114-a (3) (ii) for raising an issue and continuing a proceeding "without reasonable grounds." Claimant and Zimmerman appealed.

After the appeal was perfected, this Court was notified that the Board's decision filed April 11, 2016 has been rescinded by a full Board resolution dated December 20, 2016. Further, following full Board review, the Board issued a decision filed on January 6, 2017, modifying the WCLJ's decision, making certain determinations and remitting the case to the hearing calender for further development of the record. Accordingly, the appeal from the Board decision filed April 11, 2016, which has been rescinded, is moot (see Matter of Cucinella v New York City Tr. Auth., 82 AD3d 1453, 1454 [2011]; Matter of Morrison v T & D Painting, LLC, 53 AD3d 1026, 1026-1027 [2008]). With

regard to the penalty imposed on Zimmerman, we note that the Board's April 11, 2016 decision imposing that penalty was rescinded and the Board's subsequent decision of January 6, 2017 did not impose a penalty. Likewise, the decision of the WCLJ, which the Board ultimately affirmed in part, did not impose a penalty. Accordingly, as the penalty was rescinded, Zimmerman's appeal from the penalty is also moot, and he is no longer aggrieved (*see id.*).

McCarthy, J.P., Garry, Rose and Mulvey, JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.